**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KANSAS CONSTRUCTION TRADES OPEN )<br>END PENSION TRUST FUND; KANSAS )<br>BUILDING TRADES OPEN END HEALTH AND )<br>WELFARE TRUST FUND; KANSAS )<br>CONSTRUCTION INDUSTRY OPEN END )<br>SAVINGS TRUST FUND; and GARY )<br>MUCKENTHALER as a )<br>fiduciary of the KANSAS CONSTRUCTION )<br>TRADES OPEN END PENSION TRUST FUND; )<br>KANSAS BUILDING TRADES OPEN END )<br>HEALTH ANDWELFARE TRUST FUND; )<br>KANSAS CONSTRUCTION INDUSTRY OPEN )<br>END SAVINGS TRUST FUND, )<br>                                   )<br>               Plaintiffs, )<br>vs.                              )   Case No. 2:17-cv-___<br>                                   )<br>CYLX, CORPORATION, )<br>                                   )<br>               Defendant. )  | |

## COMPLAINT

Plaintiffs, for their cause of action against Defendant, Cylx, Corporation, state as follows:

### PLAINTIFFS' REQUEST FOR PLACE OF TRIAL

1. Pursuant to District of Kansas Rule 40.2, Plaintiffs hereby request that trial in this matter be held in Kansas City, Kansas.

### NATURE OF THE CASE

2. This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145 to collect fringe benefit contributions from the Defendant due and owing to the Plaintiff employee benefit plans.

1

## PARTIES

3. Plaintiff Kansas Construction Trades Open End Pension Trust Fund (hereinafter "the Pension Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Pension Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Pension Fund maintains its principal place of administration at 4101 Southgate Drive, Topeka, Kansas 66609, which is located within the territorial boundaries of the District of Kansas. The Pension Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186(c)(5).

4. Plaintiff Kansas Building Trades Open End Health & Welfare Trust Fund (hereinafter "the Health & Welfare Fund") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Health & Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Health & Welfare Fund maintains its principal place of administration at 4101 Southgate Drive, Topeka, Kansas 66609, which is located within the territorial boundaries of the District of Kansas. The Health & Welfare Fund is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

5. Plaintiff Kansas Construction Industry Open End Savings Trust (hereinafter "the Savings Trust") is an "employee benefit plan" within the meaning of 29 U.S.C. § 1002(3). The Savings Trust is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d). The Savings Trust maintains its principal place of administration at 4101 Southgate Drive, Topeka, Kansas 66609, which is located within the territorial boundaries of the District of Kansas. The

Savings Trust is a "multi-employer plan" within the meaning of 29 U.S.C. § 1002(37) and has been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

6. Plaintiff Gary Muckenthaler is a fiduciary of the Plaintiffs Pension Fund, Health & Welfare Fund, and Savings Trust within the meaning of 29 U.S.C. § 1002(21), and as such, is a proper party to this action.

7. Defendant, Cylx, Corporation (hereinafter "Cylx") is a corporation organized under and existing by virtue of the laws of the State of Oklahoma. Cylx is an employer within the meaning of 29 U.S.C. § 1002(5).

## JURISDICTION

8. This Court has jurisdiction of Plaintiffs' claims pursuant to 29 U.S.C. §§ 1132 and 1145, and also pursuant to 28 U.S.C. § 1331.

9. Whereas the Plaintiff employee benefit plans are administered in the District of Kansas, venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2).

## CAUSE OF ACTION

10. At all times relevant hereto, Cylx has been a party to one or more collective bargaining agreements with the Laborers' Local Union 1290 and the Western Missouri and Kansas Laborers' District Council affiliated with the Laborers' International Union of North America, AFL-CIO (collectively, "the Union").

11. At all times relevant hereto, Cylx has been a party to one or more non-bargaining agreements with the Pension Fund and the Health & Welfare Fund.

12. Each of the Plaintiffs Pension Fund, Health & Welfare Fund, and Savings Trust (hereinafter collectively "the Funds) is established and operated pursuant to a written agreement and/or declaration of trust. These agreements and/or declarations of trust are incorporated by

reference into and are a material part of the collective bargaining agreement(s) between Cylx and the Union and the non-bargaining agreements with the Pension Fund and the Health & Welfare Fund.

13. Upon information and belief, at all times material and relevant to this action, Cylx has employed employees who have performed covered work under the collective bargaining agreement(s) as well as under non-bargaining agreements entered into between Cylx and the Pension Fund and the Health & Welfare Fund.

14. Cylx is obligated under the collective bargaining agreement(s) and non-bargaining agreements (hereinafter collectively referred to as the "Agreements") to timely submit reports and fringe benefit contributions to the Funds. Cylx is required to submit contributions to the Funds each month in such amounts as determined by the number of hours of covered work performed by Cylx's employees at the rates established for each of the Funds in the Agreements.

15. At all times relevant hereto, Cylx has been a party to one or more non-bargaining agreements with the Pension Fund and the Health & Welfare Fund.

16. The Agreements require that contributions due to the Funds are to be paid by the tenth (10th) day of the month following the month in which the work was performed, and payments are delinquent if not received by that date.

17. Cylx failed to timely report the hours of covered work performed by its employees during September 2016 through March 2017, May 2017, July 2017, and August 2017 through October 2017 to the Funds, and failed to timely remit payments for the contributions owing thereon. As a result, Cylx is in breach of the Agreements.

18. Cylx has also failed to remit payment for contributions owing for the hours of covered work performed during November 2017. As a result, Cylx is in breach of the Agreements.

19. Based upon Cylx's report for November 2017, Cylx owes eight thousand, one hundred two and 70/100 dollars ($8,102.70) in contributions.

20. The Agreements, the trust agreements, and ERISA provide remedies to the Funds in the event an employer fails to make required contributions. Among the remedies available are costs of collection, attorneys' fees, interest, and liquidated damages.

21. Pursuant to the Agreements and the trust agreements incorporated therein, Cylx is liable to the Funds for liquidated damages of five percent (5%) of the delinquent contributions if the contributions are not received by the 25th of the month. Accordingly, Cylx is liable to the Funds for liquidated damages in the amount of five thousand, two hundred fourteen and 17/100 dollars ($5,214.17) upon the untimely payment of contributions for the hours of covered work performed during September 2016 through March 2017, May 2017, July 2017, August 2017, and October 2017, which were paid after the 25th of the month in which they were due.

22. Pursuant to the Agreements and the trust agreements incorporated therein, Cylx is liable to the Funds for interest at the rate of 1½ percent (1½%) for contributions not received by the 15th day of the month, which continues until the contributions are received. Accordingly, as of December 19, 2017, Cylx is liable to the Funds for accrued interest in the amount of three thousand nine hundred and eighteen and 76/100 dollars ($3,918.76) upon the untimely payment of contributions for the hours of covered work performed during September 2016 through March 2017, May 2017, July 2017, and August 2017 through October 2017 and the unpaid contributions for November 2017. Interest continues to accrue.

23.     The Funds have incurred attorneys' fees and other costs in their efforts to remedy Cylx's failure to pay fringe benefit contributions.  The Funds are entitled to recover these fees and costs pursuant to the terms of the Agreements and by law.

24.     Under the Funds' written agreements and/or declarations of trust and by law, the Funds have the right to audit any of the books and records of employers obligated to remit reports and contributions to the Funds, in order to ensure that such employers are in compliance with their reporting and contribution obligations.  Moreover, under the trust agreements and by law, the Funds are entitled to seek judicial relief compelling an audit of any contributing employer who fails or refuses to submit to an audit of its books and records, and further, are entitled to recover the costs and expenses incurred by the Funds in seeking such judicial relief.

25.     Under the Agreements and ERISA, Cylx is obligated to pay any delinquent contributions as may be revealed by an audit of its books and records, and further, is obligated to pay liquidated damages and interest that the Funds assess upon such delinquent contributions.  Accordingly, to the extent an audit of Cylx reveals the existence of any unpaid and delinquent contributions, Cylx is liable to the Funds for such contributions, liquidated damages, and interest.  Cylx is also liable to pay the Funds' costs and reasonable attorneys' fees for the collection of these amounts.

**WHEREFORE,** Plaintiffs pray that the Court enter an Order:

a)     Finding that Cylx is liable to the Funds in the amount of seventeen thousand two hundred thirty-five and 63/100 dollars ($17,235.63) (contributions - $8,102.70; liquidated damages - $5,214.17, and interest accrued through December 19, 2017 - $3,918.76) and entering judgment against Cylx and in favor of the Plaintiffs for these amounts, plus any

liquidated damages and interest that accrues from December 19, 2017 through the date judgment is entered;

      b)      Requiring Cylx to permit a qualified, certified public accountant, selected by the Plaintiffs, to audit Cylx's books and records at Cylx's expense to determine any other contributions, liquidated damages, and interest that may be due and owing the Funds pursuant to the Agreements;

      c)      Allowing the Plaintiffs to apply for an award against Cylx for additional amounts that are determined due and owing based on the audit, on employer reports received after the filing of this action, or on another valid method of estimating the contributions that are due and owing, plus liquidated damages and/or interest on the fringe benefit contributions due and owing as of the date judgment is entered and thereafter;

      d)      Awarding the Plaintiffs their costs of this action, including Plaintiffs' reasonable attorneys' fees; and

      e)      Granting the Plaintiffs such other relief that the Court deems just and proper, including interest that accrues during the pending of this action.

      Respectfully submitted,

**BLAKE & UHLIG, P.A.**
753 State Avenue, Suite 475
Kansas City, Kansas 66101
Telephone: (913) 321-8884
Facsimile: (913) 321-2396

By   /s/ Carol A. Krstulic
Carol A. Krstulic, KS Bar # 24122
**ATTORNEYS FOR PLAINTIFFS**